IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OFFICE OF THE FEDERAL PUBLIC
DEFENDER, MIDDLE DISTRICT OF
TENNESSEE,
810 Broadway
Suite 200
Nashville, TN 37203

*Plaintiff,*

v.

UNITED STATES DEPARTMENT OF
JUSTICE,
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

and

UNITED STATES MARSHALS SERVICE,
Office of General Counsel
CG-3 15th Floor
Washington, DC 20530-0001

*Defendant.*

Civil Action No. _____

## COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF

1. Plaintiff Office of the Federal Public Defender, Middle District of Tennessee ("OFPD"), brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendants United States Department of Justice ("DOJ") and United States Marshals Service ("USMS") relating to the security measures undertaken in connection with the federal trial of its client, Ricky Allen Fackrell, in Beaumont, Texas from April to June, 2018.

2. Defendants violated FOIA by failing to respond to OFPD's August 11, 2022 FOIA request within the time period allotted by statute. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)-(iii). OFPD

requests declaratory relief that Defendants have violated FOIA, and injunctive relief requiring Defendants to immediately process and release the requested records.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) which permits a plaintiff to bring an action such as this one in the District Court of the United States for the District of Columbia.

## Parties

5. Plaintiff OFPD was created in 1978 by the United States District Court under the authority of the Criminal Justice Act of 1964 (CJA), 18 U.S.C. § 3006A, to provide legal representation to those persons accused of a crime against the United States who are financially unable to afford private counsel.

6. Defendant DOJ is a federal department and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ maintains administrative control and oversight over USMS, which is a component and subordinate entity of DOJ.

7. Defendant USMS is a federal law enforcement agency within the U.S. Department of Justice and is an agency within the meaning of 5 U.S.C. § 552(f)(1). USMS has possession, custody, and control of the requested records. Among other responsibilities, USMS provides for the security of federal court facilities and the safety of judges and other court personnel.

## Factual Background

8. On June 2, 2016, a grand jury returned a two-count indictment charging Ricky Allen Fackrell and a co-defendant, inmates of the United States Penitentiary in Beaumont, Texas, with: (1) the 2014 unlawful killing of a fellow inmate, Leo Johns, with premeditation and malice aforethought, in violation of 18 U.S.C. §§ 1111 and 2, and (2) conspiracy to kill Johns with premeditation and malice aforethought, in violation of 18 U.S.C. §§ 1117, 1111, and 2.

9. Mr. Fackrell and his co-defendant were tried on these charges in 2018 in the United States District Court for the Eastern District of Texas, in Beaumont. Case No. 1:16-cr-O0026-MAC-ZJH-2.

10. Mr. Fackrell was found guilty of these charges and sentenced to death. The district court denied Mr. Fackrell's motions challenging the verdict and sentence. The United States Court of Appeals for the Fifth Circuit affirmed those decisions. *United States v. Fackrell*, 991 F.3d 589 (5th Cir. 2021), *cert. denied*, 2022 U.S. LEXIS 1549 (U.S. Mar. 21, 2022).

11. Plaintiff has been appointed to represent Mr. Fackrell in federal habeas proceedings in the United States District Court for the Eastern District of Texas. *Fackrell v. United States*, Case No. 1:23-cv-00119-MAC-ZJH, Doc. No. 5.

12. As part of its representation of Mr. Fackrell, Plaintiff has filed several Freedom of Information Act requests of federal agencies seeking records relevant to issues that have or may be raised in a petition for habeas corpus.

13. One of those requests was to the USMS.

14. On August 11, 2022, Houston Goddard, an Assistant Federal Public Defender with the OFPD, filed a Freedom of Information Act request with USMS, seeking five categories of records:

3

> Any and all records, documents, or materials reflecting the number and type of vehicles used to transport Mr. Fackrell and Mr. Cramer to the courthouse each day (including any escort vehicles and/or helicopters) and the use of any sirens in the course of such transport.
>
> Any and all records, documents, or materials logging the departure and arrival time for the transport of Mr. Fackrell and Mr. Cramer each day of the trial proceedings.
>
> Any and all records, documents, or materials concerning the number of U.S. Marshals Service personnel present at the courthouse during the trial proceedings, including where such personnel were stationed.
>
> Any and all records, documents, or materials concerning the number of U.S. Marshals Service personnel present in the courtroom during the trial proceedings.
>
> Any and all records, documents, or materials concerning the types of firearms to be carried by U.S. Marshals Service personnel at the courthouse and in the courtroom during the trial proceedings.

15. Such records are relevant to Mr. Fackrell's pending habeas claim that the abnormal security presence at his trial denied him his constitutional right to a fair trial.

16. OFPD further requested that the request be processed expeditiously pursuant to 5 U.S.C. § 552(a)(6)(E)(v) because Mr. Fackrell had been sentenced to death.

17. OFPD's request sought a fee waiver on the basis that this information is likely to contribute to the understanding of USMS's operations and activities regarding enforcement of federal law and this information is not primarily in OFPD's commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii).

18. In an e-mail response dated September 14, 2022, USMS acknowledged receiving OFPD's request and assigned the request the tracking number 2022-USMS-000865.

19. On September 30, 2022, USMS responded to the Plaintiff by email. It stated that requests for "records in connection with federal or state litigation are not handled by the USMS

FOIA Unit. If you desire USMS records for use in litigation please submit a request to SubpoenasandTouhyRequests@usdoj.gov."

20. Following a subsequent inquiry, USMS advised counsel for the Plaintiff on August 7, 2023 that, "[A]lthough, this request was submitted to the United States Marshals Service via the Freedom of Information Act, this is not a FOIA request. . . "

21. The Plaintiff submitted Freedom of Information Act requests related to its representation of Mr. Fackrell with the Federal Bureau of Investigation, the Bureau of Prisons and the Executive Office for United States Attorneys.

22. None of these other components of the United States Department of Justice determined that these FOIA requests were, in fact, not FOIA requests and required handling in some other manner.

## Statutory Background

23. The Freedom of Information Act contains no exception for records sought in connection with habeas corpus proceedings or, more generally, with federal or state litigation. Nor does it authorize agencies to avoid its disclosure provisions by declaring that FOIA requests are not FOIA requests.

24. To the contrary, the FOIA provides that, " . . . each agency, upon *any* request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A) (emphasis added).

25. The USMS contains guidance on its website with respect to subpoenas and Touhy requests. https://www.usmarshals.gov/resources/guideline.

26. That guidance provides that, "[i]f you are issuing a subpoena to a Deputy United States Marshal or a Task Force Officer who is a member of a United States Marshals Service (USMS) task force or are issuing a subpoena for USMS records in connection with pending litigation, your subpoena request is subject to the United States Department of Justice's Touhy Regulations at 28 CFR § 16.21, et seq."

27. Those regulations and that guidance are inapplicable because the Plaintiff did not issue a subpoena for USMS records in connection with pending litigation. It, instead, filed a Freedom of Information Act request.

28. USMS was obligated to respond to Plaintiff's FOIA in no less than 20 days (excluding Saturdays, Sundays, and legal public holidays). 5 U.S.C. § 552(a)(6)(A)(i). It did not do so.

29. USMS did not make a final or adverse determination on Plaintiff's FOIA request. Had it done so, the FOIA would have required it to advise Plaintiff of its right to appeal to the head of the agency, and its rights to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of Government Information Services. 5 U.S.C. § 552(a)(6)(A)(i)(III). USMS provided Plaintiff no such notices.

## OFPD'S CLAIM FOR RELIEF

### Defendants' Unlawful Withholding of Records
### Responsive to OFPD's FOIA Request

30. OFPD repeats and realleges the preceding paragraphs.

31. In its August 11, 2022 FOIA request, OFPD properly asked for records within the possession, custody, and control of USMS.

32. Defendants have failed to respond to OFPD's request within the timeframe dictated by statute. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)-(iii).

33. Defendants are wrongfully withholding records responsive to OFPD's request.

34. By failing to timely release all requested records in full to OFPD, Defendants are in violation of FOIA.

35. Because Defendants failed to timely respond to OFPD's request, and did not issue an adverse determination, OFPD has constructively exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

36. OFPD is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

## **Requested Relief**

WHEREFORE, OFPD respectfully requests that this Court:

37. Order Defendants to immediately and fully process OFPD's August 11, 2022 FOIA request and disclose all non-exempt records to OFPD;

38. Issue a declaration that OFPD is entitled to immediate and expedited processing and disclosure of the requested records;

39. Grant OFPD's fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A);

40. Retain jurisdiction of this action to ensure that no agency records are wrongfully withheld;

41. Award OFPD its costs and reasonable attorneys' fees in this action; and

42. Grant such other relief as the Court may deem just and proper.

Dated: August 24, 2023                    Respectfully Submitted,

/s/ Jeffrey S. Gutman

Jeffrey S. Gutman (D.C. Bar No. 416954)
Professor of Clinical Law
Anne Weismann (D.C. Bar No. 298190)
Professorial Lecturer in Law
Public Justice Advocacy Clinic
The George Washington University Law School
2000 G Street NW
Washington, DC 20052
Telephone: 202-994-5797
Fax: 202-994-3362
jgutman@law.gwu.edu