UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OFFICE OF THE FEDERAL PUBLIC
DEFENDER, MIDDLE DISTRICT OF
TENNESSEE,

    *Plaintiff*,

   v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

    *Defendants*.

Civil Action No. 23-02476 (AHA)

**<u>Memorandum Opinion and Order</u>**

    The Office of the Federal Public Defender for the Middle District of Tennessee ("OFPD"), which represents Ricky Allen Fackrell in habeas proceedings, sent a Freedom of Information Act ("FOIA") request to the U.S. Marshals Service, part of the Department of Justice. The request asked for five categories of records, including information about the Marshals' security presence at Fackrell's trial and his transportation to the courthouse each day. ECF No. 1 ¶ 14. OFPD filed this case against the Justice Department and the Marshals after they failed to timely respond to the FOIA request. *Id.* ¶¶ 18–20.

    Defendants have now produced responsive records and redacted certain information, citing FOIA's law enforcement and deliberative process exemptions. ECF No. 15-2 ¶¶ 6–11. The parties both move for summary judgment. Each party's motion is granted in part and denied in part.

**I.    Discussion**

    FOIA "mandates that an agency disclose records on request, unless they fall within one of nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011). Those exemptions "must be

narrowly construed." *Id.* (internal quotation marks and citation omitted). "The burden is on the agency to justify withholding the requested documents," and a district court must "determine *de novo* whether non-disclosure was permissible." *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015). "In FOIA cases, '[s]ummary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith.'" *Jud. Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) (alteration in original) (quoting *Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006)).

### A. Defendants Have Not Shown That FOIA's Law Enforcement Exemption Applies

Defendants justify most of the challenged redactions based on FOIA exemption 7(E), part of what is often called the "law enforcement exemption." Defendants assert that this exemption authorizes withholding any information related to "the security measures and the personnel needed for the movement of in-custody witnesses from [Bureau of Prisons] facilities to the courthouse and within the courthouse, and specific details about the timing of these movement[s]." ECF No. 15-2 ¶ 31. Defendants accordingly relied on the exemption to redact information about the number of deputies assigned to the trial and to the judges in the courthouse, as well as "the manner in which inmates were restrained during transport and within the courthouse." *Id.*

The problem for Defendants, however, is the exemption's text. By its terms, the exemption covers "records or information compiled for law enforcement purposes, *but only to the extent* that the production of such law enforcement records or information . . . *would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions* if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E) (emphases added). OFPD argues that the

information it seeks does not involve techniques, procedures, or guidelines for any "law enforcement investigations or prosecutions." ECF No. 21 at 15–18. Defendants do not respond to this argument at all. An agency bears the burden to explain why its proposed withholdings are justified under FOIA, yet Defendants make no effort to explain how their withholdings fall within the textual limit of being techniques, procedures, or guidelines for law enforcement investigations or prosecutions. *See Elec. Priv. Info. Ctr.*, 777 F.3d at 522 (noting agency's burden to justify withholding); *see also Waterman v. Internal Revenue Serv.*, 61 F.4th 152, 161 (D.C. Cir. 2023) ("'The judicial role' is not to fill the logical gaps in the agency's submissions but to 'enforce that congressionally determined balance' embodied by FOIA's 'handful of specified exemptions.'" (quoting *Milner*, 562 U.S. at 571 n.5)).

This Court considered a similar circumstance in *Citizens for Responsibility & Ethics in Washington v. U.S. Department of Justice*, 567 F. Supp. 3d 204 (D.D.C. 2021), *rev'd and remanded on other grounds*, 58 F.4th 1255 (D.C. Cir. 2023). There, the plaintiff sought Bureau of Prisons records related to procurement of drugs used in federal executions, and the agency invoked exemption 7(E). *Id.* at 208, 215. The Court concluded the withheld records were "techniques and procedures" compiled for law enforcement purposes, but had "nothing to do with 'law enforcement investigations or prosecutions.'" *Id.* at 215. The Court explained that "what the Bureau of Prisons does in this context is neither an investigation nor a prosecution." *Id*. at 216. Because the agency failed to address that statutory argument, the Court held reliance on the law enforcement exemption was improper. *Id.* at 216–17; *see also ACLU v. Fed. Bureau of Prisons*, No. 20-cv-2320, 2022 WL 17250300, at *17 (D.D.C. Nov. 28, 2022) ("[A]lthough internal safety procedures and responses

3

may be protected from disclosure pursuant to Exemption 7(E), they must still involve some sort of investigatory function.").[1]

Here too, it is not clear that security measures at trial or in transportation to the courthouse are techniques, procedures, or guidelines for a law enforcement investigation or prosecution. This is especially so given the Supreme Court's caution that FOIA exemptions be "narrowly construed." *Milner*, 562 U.S. at 565 (citation omitted). In any event, if such an argument could be developed, Defendants have not made it here and it was their burden to do so. *See ACLU*, 2022 WL 17250300, at *18 (finding that records were improperly withheld under exemption 7(E) where defendant "failed to establish any clear nexus between these records and an investigatory or prosecutorial function" and noting that "although the defendant describes the potential effects that could result from disclosure, it does not establish how these records are investigatory or prosecutorial in nature").[2]

Defendants shall accordingly disclose the withholdings made under exemption 7(E).

### B. Defendants Have Shown The Internal Marshals Service Email May Be Withheld Under The Deliberative Process Privilege

Defendants do more fully develop an argument for redacting part of a particular internal Marshals Service email requesting additional personnel to assist with the transport of in-custody witnesses, and that argument is well taken. ECF No. 15-2 ¶ 16; ECF No. 15-6 at 6–7. Specifically,

---

[1] In *Citizens for Responsibility & Ethics in Washington*, the D.C. Circuit reversed and remanded based on error as to a different exemption; the district court's summary judgment decision as to exemption 7(E) was not challenged on appeal. *See* 58 F.4th at 1259–60.

[2] Defendants instead focus on why disclosure would risk circumvention of the law. ECF No. 15 at 14–16. OFPD disputes that. ECF No. 21 at 24–29. "At most," however, "that is a second-order concern." *Citizens for Resp. & Ethics in Wash.*, 567 F. Supp. 3d at 217. The threshold question under the plain language of FOIA is whether the records at issue implicate any law enforcement investigation or prosecution. *Id.*; *see* 5 U.S.C. § 552(b)(7)(E). Defendants have not carried their burden to show that they do, and therefore their challenged redactions pursuant to exemption 7(E) were improper. *See Citizens for Resp. & Ethics in Wash.*, 567 F. Supp. 3d at 217.

4

the parties dispute whether Defendants properly redacted four bullet points that give reasons for requesting the additional personnel and discuss: (1) how witnesses would be transported and the number of personnel required; (2) the names of four in-custody witnesses and specific security concerns associated with their transportation; (3) gang threats received regarding in-custody witnesses; and (4) the necessary time for transportation and the required number of vehicles and deputies. ECF No. 15-6 at 6–7. Defendants say that disclosing this information "would seriously impair [the Marshals Service's] ability to foster internal discussions necessary for efficient and proper [Marshals Service] decision-making" and "would provide insight on the internal and external factors that a district weighs in assessing whether to augment personnel for high threat trials and how many law enforcement officers are assigned to crucial aspects of high threat trials." ECF No. 15-2 ¶ 15; ECF No. 15-6 at 7. Defendants argue that redaction of the email is accordingly proper under FOIA's fifth exemption, which covers "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The Court agrees.

FOIA's fifth exemption "incorporates the privileges available to Government agencies in civil litigation," including the deliberative process privilege, which covers documents that are predecisional and deliberative. *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267–68 (2021). "Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *Id.* at 268. Here, OFPD does not dispute that the bullet points at issue were predecisional—the email appears to have been sent before the agency reached any final decision as to transportation and security measures. OFPD argues, however, that the bullet points are not

covered by the deliberative process privilege because they contain factual information. ECF No. 21 at 9–14.

OFPD correctly observes that "[p]urely factual material usually cannot be withheld under Exemption 5 unless it reflects an 'exercise of discretion and judgment calls.'" *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 513 (D.C. Cir. 2011) (citation omitted). The ultimate inquiry, however, "does not turn on whether the material is purely factual in nature or whether it is already in the public domain, but rather on whether the selection or organization of facts is part of an agency's deliberative process." *Id.*

Defendants have satisfied their burden in showing that an internal request for additional staffing such as this would rely on the author's judgment about what facts are pertinent to the request. Here, the selection of facts would rely on the author's assessment of the security risks and what facts bear on the risks. *See* ECF No. 15-2 ¶ 17 (noting that the email includes "reasons for requesting additional personnel and provides the number of additional deputies the Beaumont Office believes will be necessary to support the security measures associated with the production of witnesses for the trial"). Those facts would be "inextricably intertwined" with the deliberative analysis of the security measures and staffing recommended. *Jud. Watch, Inc. v. Dep't of Just.*, 432 F.3d 366, 372 (D.C. Cir. 2005); *see also Waterman*, 61 F.4th at 159–60 (upholding withholding where agent "exercised his judgment to select and organize facts to support a discretionary agency decision"); *Ancient Coin*, 641 F.3d at 513–14 (upholding withholding of factual summaries contained in reports that "reflect[ed] an 'exercise of judgment as to what issues are most relevant to the pre-decisional findings and recommendations'" (citation omitted)); *Jud. Watch, Inc. v. U.S. Dep't of Treasury*, 796 F. Supp. 2d 13, 28 (D.D.C. 2011) (concluding that

memoranda were properly redacted under deliberative process privilege where they "reflect[ed] the authors' deliberative process in selecting factual material to be disclosed in the memoranda").

Defendants have also shown it is reasonably foreseeable that disclosure would harm a protected interest. *See* 5 U.S.C. § 552(a)(8)(A)(i)(I). "In the context of withholdings made under the deliberative process privilege, the foreseeability requirement means that agencies must concretely explain how disclosure 'would'—not 'could'—adversely impair internal deliberations." *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 3 F.4th 350, 369–70 (D.C. Cir. 2021). As Defendants' declaration describes, release of the internal email requesting additional personnel "would render [Marshals Service] employees more cautious and reluctant in their discussions with each other, which would ultimately impair the [Marshals Service's] ability to foster internal discussions necessary for efficient and proper [Marshals Service] decision-making with respect to its operational activities related to judicial security." ECF No. 15-2 ¶ 17; *see Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020) (finding foreseeable harm requirement satisfied where agency "specifically focused on 'the information at issue'" and "concluded that disclosure of that information 'would' chill future internal discussions" (citation omitted)).

Defendants were accordingly authorized to redact the bullet points in the internal email under FOIA's fifth exemption.[3]

---

[3]  A district court "cannot approve withholding exempt documents without making an express finding on segregability." *Machado Amadis*, 971 F.3d at 371 (internal quotation marks and citation omitted). An agency is "entitled to a presumption that [it] complied with the obligation to disclose reasonably segregable material." *Hodge v. Fed. Bureau of Investigation*, 703 F.3d 575, 582 (D.C. Cir. 2013) (alteration in original) (citation omitted). Based on Defendants' declaration attesting that they conducted a line-by-line review and released "all reasonably segregable, non-exempt information," as well as the *Vaughn* index submitted, the Court concludes that Defendants have satisfied their segregability obligation. ECF No. 15-2 ¶ 33; ECF No. 15-6; *see, e.g.*, *Johnson v.*

### C. The Parties Shall Meet And Confer To Resolve Any Issue Regarding The Search's Adequacy

OFPD raises a concern for the first time in its reply brief that Defendants' search may not have been adequate. ECF No. 26 at 18–19. The concern appears to be based on fifteen additional pages of responsive emails Defendants identified while processing a separate FOIA request by Fackrell's codefendant, after OFPD filed its cross motion for summary judgment. ECF No. 25-2 ¶¶ 6–7; *see* ECF No. 26 at 18 (stating Defendants' new disclosure "raises a question that was previously not in dispute—whether the Defendants conducted an adequate search for responsive records"). The parties are directed to meet, confer, and file a joint status report by July 7, 2025, advising the Court whether there is any outstanding issue.

### II. Conclusion

For these reasons, Defendants' motion for summary judgment is granted in part and denied in part. OFPD's cross motion for summary judgment is granted in part and denied in part. The Court retains jurisdiction over the case pending the parties' submissions on the adequacy of the search.

_____
AMIR H. ALI
United States District Judge

Date:   June 23, 2025

---

*Exec. Off. for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002) (concluding that affidavits and *Vaughn* index were "sufficient to fulfill the agency's obligation to show with 'reasonable specificity' why a document cannot be further segregated").